IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 26, 2008

Charles R. Fulbruge III
Clerk

No. 07-10781
Summary Calendar

KODY DELANEY HASTINGS

Plaintiff-Appellant

V.

CITY OF DALLAS POLICE DEPARTMENT; DALLAS COUNTY

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:06-CV-1422

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Kody Delaney Hastings, Texas prisoner # 1333980, has filed a motion for leave to proceed in forma pauperis (IFP) in this appeal from the district court's dismissal of his 42 U.S.C. § 1983 action against the City of Dallas and Dallas County. His motion for leave to file a supplemental brief is granted. Hastings amended his complaint to name the City of Dallas as a defendant, instead of the Police Department. The district court dismissed Hastings's § 1983 claims against the City of Dallas and Dallas County because Hastings had not alleged

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that a custom or policy of the City of Dallas or Dallas County caused the alleged violations of his constitutional rights.

The district court also denied Hastings's request to proceed IFP on appeal, certifying that the appeal was not taken in good faith. Hastings's IFP motion is a challenge to the district court's certification that his appeal is not taken in good faith. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).

Hastings has not identified any error in the district court's determination that he did not allege in his pleadings in the district court a custom or policy of the City of Dallas and Dallas County that caused the alleged violations of his constitutional rights. Because he has not identified any error in the district court's analysis, the argument is abandoned. See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

For the first time on appeal, Hastings alleges that the City of Dallas had an official policy of allowing police officers who work as private security guards to wear police uniforms and that this policy caused the deprivation of his constitutional rights. Hastings also argues, for the first time on appeal, that his Fourth Amendment rights were violated by an unconstitutional search and seizure, his Fifth Amendment due process rights were violated, and the state's prosecution of him was malicious. We will not consider new allegations or new legal theories raised for the first time on appeal. See Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999). However, even if Hastings's allegation concerning a Dallas policy or custom is considered, he has not demonstrated how this alleged policy caused the deprivation of his constitutional rights. See McKinney v. Irving Indep. Sch. Dist., 309 F.3d 308, 312 (5th Cir. 2002).

Hastings asks this court to allow him to add two Dallas police officers as defendants. Hastings had ample opportunity to move to amend his complaint to add defendants in the district court. He could have moved to amend his complaint after the magistrate judge recommended that the complaint be

dismissed because he had not alleged that his rights were violated as a result of a custom or policy of the City of Dallas.  Hastings did not move to amend his complaint at any time in the district court, and he seeks to add defendants for the first time in this appeal.  Under such circumstances, Hastings has foregone his opportunity to amend his complaint.

Hastings has not shown that he will present a nonfrivolous issue on appeal.  See Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983).  Accordingly, the motion for leave to proceed IFP is denied and the appeal is dismissed as frivolous.  See Baugh, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

The dismissal of Hastings's complaint by the district court as frivolous and the dismissal of this appeal as frivolous each count as a strike under 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996).  Hastings is cautioned that if he accumulates three strikes under § 1915(g), he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  § 1915(g).

MOTION TO FILE SUPPLEMENTAL BRIEF GRANTED; IFP MOTION DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.